<u>**NOT FOR PUBLICATION**</u>

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

|  |  |
|---|---|
| TYISHA JOHNSON and TYRONE JOHNSON,<br><br>    *Plaintiffs,*<br><br>v.<br><br>CREDENCE RESOURCE MANAGEMENT, AT&T, TRANSUNION LLC, and EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>    *Defendants.* | HONORABLE KAREN M. WILLIAMS<br><br>Civil Action<br><br>No. 25-15731-KMW-MJS<br><br>**MEMORANDUM OPINION AND ORDER** |

**THIS MATTER** comes before the Court by way of Defendants TransUnion LLC and Experian Information Solutions, Inc.'s (collectively, the "CRA Defendants") Motion to Dismiss (Dkt. No. 15) Plaintiffs' Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6); and

**WHEREAS,** Plaintiffs allege the CRA Defendants violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681b and 1681e(a), by furnishing Plaintiff Tyisha Johnson's consumer reports to Credence Resource Management ("CRM") without a permissible purpose and without employing reasonable procedures to verify CRM's stated purpose, and further assert common-law tort theories predicated upon the same alleged conduct (Compl. ¶¶ 69–79, Dkt. No. 1-1); and

**WHEREAS,** Plaintiffs allege that CRM, a debt collector collecting an alleged AT&T telecommunications debt, obtained Mrs. Johnson's consumer reports from Experian and TransUnion on May 12, 2025, July 4, 2025, and July 6, 2025, and thereafter furnished a collection tradeline to the CRA Defendants relating to an alleged $196.83 debt connected to AT&T residential security services (*id.* ¶¶ 12–43); and

**WHEREAS**, Plaintiffs allege the debt was false, disputed, and not associated with any extension of credit, and further allege the CRA Defendants ignored purported "red flags" including the age of the account, the absence of a prior tradeline, and Plaintiffs' contention that no valid debt existed (*id.* ¶¶ 20–24, 31–43, 70-72); and

**WHEREAS**, to survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter to state a claim that is plausible on its face, *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); and

**WHEREAS**, the FCRA permits a consumer reporting agency to furnish a consumer report to a person it has reason to believe "intends to use the information in connection with a credit transaction involving the consumer . . . and involving the extension of credit to, or review or collection of an account of, the consumer," 15 U.S.C. § 1681b(a)(3)(A); and

**WHEREAS**, courts within the Third Circuit consistently recognize debt collection activity as a permissible purpose under § 1681b(a)(3)(A), *see Huertas v. Galaxy Asset Mgmt.*, 641 F.3d 28, 34 (3d Cir. 2011) (holding debt collector had permissible purpose to obtain consumer report in connection with collection of delinquent account); and

**WHEREAS**, Plaintiffs' allegations themselves establish that CRM was attempting to collect an alleged consumer telecommunications account assigned by AT&T, and thus the Complaint affirmatively pleads facts demonstrating the existence of a facially permissible purpose under § 1681b(a)(3)(A) (Compl. ¶¶ 7–13, 29–32); and

**WHEREAS**, Plaintiffs' contention that no permissible purpose existed because the alleged debt was disputed, invalid, stale, or not associated with a traditional extension of credit does not plausibly state an FCRA violation because the FCRA does not require CRAs to adjudicate the legal validity or enforceability of disputed debts before furnishing reports to established debt collectors,

2

*see Huertas*, 641 F.3d at 34; *see also DeAndrade v. Trans Union LLC*, 523 F.3d 61, 68 (1st Cir. 2008) ( holding a consumer's required showing is factual inaccuracy, rather than the existence of disputed legal questions); *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 891–92 (9th Cir. 2010) (holding CRAs are not tribunals required to resolve legal disputes concerning validity of underlying debts); and

**WHEREAS**, Plaintiffs likewise fail to state a plausible claim under § 1681e(a) because the purported "red flags" identified in the Complaint concern the legal validity and collectability of the underlying debt rather than objectively verifiable inaccuracies such as identity theft, mixed files, or facially impossible account data (*see* Pls.' Opp. Br. at 5, Dkt. No. 17); and

**WHEREAS**, allegations that the CRA Defendants failed to independently verify the underlying debt, require account documentation, or conduct further investigation into CRM's certification are insufficient as a matter of law because the FCRA imposes no duty upon CRAs to adjudicate contractual disputes between consumers and furnishers before furnishing consumer reports, *see Sarver v. Experian Info. Sols.*, 390 F.3d 969, 972–73 (7th Cir. 2004); *see also Wright v. Experian Info. Sols., Inc.*, 805 F.3d 1232, 1242 (10th Cir. 2015) ("A reasonable reinvestigation, however, does not require CRAs to resolve legal disputes about the validity of the underlying debts they report."); and

**WHEREAS**, the Complaint therefore fails to plausibly allege that the CRA Defendants lacked "reason to believe" CRM possessed a permissible purpose, or that the CRA Defendants employed unreasonable procedures within the meaning of §§ 1681b or 1681e(a); and

**WHEREAS**, Plaintiffs' common-law intrusion upon seclusion and related tort theories against the CRA Defendants are preempted by the FCRA absent plausible allegations of malice or

3

willful intent to injure, *see* 15 U.S.C. § 1681h(e); *Cushman v. Trans Union Corp.*, 115 F.3d 220, 229 (3d Cir. 1997); and

**WHEREAS**, conclusory assertions that the CRA Defendants acted maliciously or recklessly are insufficient to overcome FCRA preemption where the factual allegations establish only that the CRA Defendants furnished reports to a facially legitimate debt collector engaged in collection activity (*see* Compl. ¶¶ 46–48); and

**WHEREAS**, Plaintiffs request leave to amend and suggest they could add allegations concerning credentialing procedures, placement documents, and audit practices; however, amendment would be futile because such allegations would not cure the core legal deficiency that debt collection activity constitutes a permissible purpose under § 1681b(a)(3)(A), nor would they transform the CRA Defendants into adjudicators of disputed debt validity, *see Bailey v. Sullivan*, 885 F.2d 52, 59 (3d Cir. 1989) ("[N]o purpose would be served by allowing [an] amendment to the complaint to add a challenge which would be dismissed."); and

**WHEREAS**, the Court finds Plaintiffs have failed to state a plausible claim against the CRA Defendants under the FCRA or New Jersey common law;

**CONSEQUENTLY**, for all the foregoing reasons, and for good cause shown;

IT IS HEREBY on this *11* day of **May, 2026, ORDERED** as follows:

(1) The CRA Defendants' Motion to Dismiss (Dkt No. 15) is **GRANTED**.

(2) Counts III and IV of Plaintiffs' Complaint (Dkt. No. 1), to the extent asserted against CRA Defendants, are **DISMISSED WITH PREJUDICE**.

(3) The Clerk of the Court shall **TERMINATE** CRA Defendants from this case and serve a copy of this Memorandum Opinion and Order upon Plaintiffs by regular U.S. mail.

KAREN M. WILLIAMS
UNITED STATES DISTRICT JUDGE

4